IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-309-D

| | | |
|---|---|---|
| RAYMOND E. CUVILJE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Raymond E. Cuvilje ("Cuvilje" or "plaintiff") challenges the final decision of Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying his application for social security benefits. Cuvilje moved for judgment on the pleadings [D.E. 23] and filed a memorandum in support [D.E. 24], and the Commissioner moved for judgment on the pleadings [D.E. 26] and filed a memorandum in support [D.E. 27]. On February 20, 2014, the court held oral argument.

On April 9, 2009, Cuvilje applied for benefits and claimed that he became disabled on October 1, 2007. The Social Security Administration ("SSA") found that Cuvilje was not disabled, and denied his application. Upon Cuvilje's request, the SSA reconsidered his application, but again denied it. Cuvilje then requested and received a hearing before an Administrative Law Judge ("ALJ"). On June 10, 2011, the ALJ denied Cuvilje's claim. Transcript of Proceedings ("Tr.") 22–32. Cuvilje timely sought review with the Appeals Council, to no avail. Cuvilje timely sought judicial review. See 42 U.S.C. § 405(g).

In reviewing the Commissioner's denial of benefits, a district court is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See id.; Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla of evidence but may be somewhat less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). When reviewing for substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In evaluating disability claims, the Commissioner follows a familiar five-step process. The Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to the claimant's past relevant work; and (5) if not, could perform any other work in the national economy. See 20 C.F.R. § 416.920(a)(4). The claimant has the burden of production and proof in steps one through four. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If the process reaches the fifth step, the Commissioner has the burden of proving that the claimant, despite impairments, can perform a job that exists in significant numbers in the national economy. See id.; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

In sum, as explained in open court and incorporated herein by reference, the court DENIES the Commissioner's motion for judgment on the pleadings [D.E. 26], GRANTS Cuvilje's motion for judgment on the pleadings [D.E. 23], and REMANDS the case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. The ALJ's finding that plaintiff could perform his past relevant work as a jailer is not supported by substantial evidence. In remanding, the court expresses no opinion on whether plaintiff can, in fact, perform his past relevant work.

SO ORDERED. This **20** day of February 2014.

JAMES C. DEVER III
Chief United States District Judge